IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-00098-KDB-DSC

| | |
|---|---|
| **THOMAS M. CARUTHERS JR.,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **VITEX, INC.,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Vitex, Inc.'s ("Vitex") Motion for (1) Stay of Proceedings to Enforce Judgment and (2) Approval of Security. (Doc. No. 35). After carefully reviewing the motion and Plaintiff Thomas Caruthers, Jr.'s ("Caruthers, Jr.") response, and for the reasons set forth below, the Court will **GRANT** Vitex's motion, but will require Vitex to post additional security for district court costs and post-judgment interest.

This Court entered judgment in favor of Caruthers, Jr. and against Vitex for breach of contract on November 4, 2019. (Doc. No. 30). In the order, the Court awarded damages in the principal amount of $141,666.00 plus prejudgment interest (8% per annum from June 22, 2016 until November 4, 2019) of $38,191.60 for a total Judgment amount of $179,857.60. The costs of the action were to be taxed against Vitex, without prejudice to its right to timely challenge the amount of such costs upon application by Caruthers, Jr. On November 26, 2019, Vitex filed a notice of appeal in this matter to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 32).

Vitex asks this Court to enter a stay of proceedings to enforce judgment and approve a $179,857.60 cash security, which includes the final judgment amount and prejudgment interest.

1

(Doc. No. 35). While Caruthers, Jr. does not object to a cash bond, he does request that the Court deny Vitex's motion due to inadequate security or, in the alternative, require Vitex to post additional security in an amount sufficient to cover both costs and anticipated interest in addition to the full amount of the judgment. (Doc. No. 37, at 1). Specifically, he requests additional security to cover district court costs in the amount of $4,099.35 and post-judgment interest in the amount of $2,823.76, which is calculated by multiplying the total amount Vitex was ordered to pay by the applicable post-judgment interest rate pursuant to 28 U.S.C. § 1961 for a one-year period. *Id.* at 2-3.

Federal Rule of Civil Procedure 62(b) provides that "any time after a judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." This rule exists "to preserve the status quo while protecting the non appealing party's rights pending appeal." *Denver Glob. Prod., Inc. v. Leon*, No. 5:17-CV-102, 2019 WL 2057277, at *2 (W.D.N.C. May 9, 2019). Rule 62(b) affords the Court discretion to set the amount of the bond or other security, but usually, the amount set is "an amount that will permit full satisfaction of the judgment together with costs and interests." *Barranco v. 3D Sys. Corp.*, No. 3:14-CV-188, 2017 WL 3174948, at *1 (W.D.N.C. July 26, 2017) (quoting *Van Pelt v. UBS Fin. Servs.*, No. 3:05-CV-477, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007)).

The Court will grant Vitex's request to stay the execution of judgment upon its depositing of $179,857.60 cash with the Clerk of Court. Furthermore, to ensure the security is sufficient "to permit full satisfaction of the judgment *together* with costs and interests," *Barranco*, 2017 WL 3174948, at *1 (emphasis added), the Court will also order Vitex to post additional security, by way of bond or other security, in the amount of $6,923.11 with the Clerk of Court within fourteen

days to cover any additional post-judgment interest that may accrue during the pendency of the appeal. If Vitex fails to timely post the additional security, this stay will lift, and Caruthers, Jr. may proceed with executing the judgment.

**IT IS, THEREFORE, ORDERED** that Vitex's Motion for (1) Stay of Proceedings to Enforce Judgment and (2) Approval of Security (Doc. No. 35) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 62(b), the Court **ORDERS** Vitex to deposit $179,857.60 with the Clerk of Court as cash security staying execution of the judgment pending resolution of Vitex's appeal.

**IT IS FURTHER ORDERED** that Vitex **SHALL** post additional security with the Clerk of Court in the amount of $6,923.11 to cover district court costs and post-judgment interest. If the additional security is not posted within **fourteen days (14)** of this Order, the stay will lift, and Caruthers, Jr. may proceed with executing the judgment.

**SO ORDERED.**

Signed: January 9, 2020

Kenneth D. Bell
United States District Judge